# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2022

Lyle W. Cayce
Clerk

No. 21-60491
Summary Calendar

———————

GODFREY KIZITO,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

———————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A206 561 579

———————

Before BARKSDALE, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:*

Godfrey Kizito, a native and citizen of Uganda, petitions for review of the Board of Immigration Appeals' (BIA) dismissing his appeal from an Immigration Judge's (IJ) denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

BIA agreed with the IJ: Kizito's testimony was not credible; and he failed to present sufficient corroborating evidence to support his claims. Kizito challenges the adverse credibility determination and maintains he presented sufficient evidence showing his eligibility for relief.

To the extent he asserts the country-condition report for Uganda establishes a well-founded fear of future persecution, that claim was not presented to the BIA; therefore, our court lacks jurisdiction to consider it. *E.g.*, *Martinez-Guevara v. Garland*, 27 F.4th 353, 360–61 (5th Cir. 2022) (no jurisdiction to review BIA decision unless alien exhausts claim by presenting it to BIA in a manner where he "could reasonably tie what [he] said to the Board to [his] claims" before our court (citation omitted)).

The BIA's factual findings are reviewed for substantial evidence; its conclusions of law, *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to factual determinations that an alien is ineligible for asylum, withholding of removal, and CAT protection. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Under this standard, our court will reverse the BIA's decision only when "the evidence compels a contrary conclusion". *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). "In other words, the alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.*

The IJ's ruling is reviewed only to the extent it affected the BIA's decision. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). In determining credibility, the IJ "may rely on any inconsistency or omission". *Singh v. Sessions*, 880 F.3d 220, 225 (5th Cir. 2018) (citations omitted); 8 U.S.C. § 1158(b)(1)(B)(iii). If the IJ determines the "totality of the circumstances" requires an adverse credibility finding, our court will defer to that finding so

long as it is "supported by specific and cogent reasons". *Singh*, 880 F.3d at 225 (citations omitted).

The BIA and IJ noted numerous inconsistencies between Kizito's testimony, his application for asylum, and other record evidence; and determined he lacked sufficient corroborating evidence to reconcile the discrepancies. He also admitted to presenting false information on his visa application. Accordingly, the adverse credibility finding was supported by the record, and the evidence does not compel a contrary result. *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (IJ's adverse credibility decisions upheld unless no reasonable fact finder could reach such result).

Because the adverse credibility finding against Kizito's primary support for his claims (his testimony) was proper, the evidence does not compel a finding he was eligible for asylum, withholding of removal, or CAT protection. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763–70 (5th Cir. 2020) (where petitioner's testimony presents inconsistencies, failure to provide sufficient corroborating evidence may be "fatal to an alien's application for relief"). (Kizito generally referred to the Ugandan government's propensity to torture and animus towards those who aid the LGBTQ community in his brief to the BIA. Even assuming his claim that the country-condition report supports CAT relief by showing a likelihood of future torture was exhausted, the evidence does not compel a finding it is "more likely than not" he would be tortured in Uganda. *Efe v. Ashcroft*, 293 F.3d 899, 907–08 (5th Cir. 2002).)

DISMISSED in part; DENIED in part.